IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 27, 2018

## STATE OF TENNESSEE v. JONATHAN EUGENE GOODWIN

**Appeal from the Criminal Court for Carter County**
**Nos. 23644, 23646, & 23876     Lisa N. Rice, Judge**

### No. E2017-01377-CCA-R3-CD

The Defendant, Jonathan Eugene Goodwin, appeals as of right from the Carter County Criminal Court's revocation of his community corrections sentence and order of incarceration for the remainder of his six-year sentence. The Defendant contends that the trial court abused its discretion in ordering execution of his sentence. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Jeffery C. Kelly, District Public Defender; and Wesley K. Taylor, Assistant District Public Defender, for the appellant, Jonathan Eugene Goodwin.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Anthony Wade Clark, District Attorney General; and Matthew Edward Roark, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL BACKGROUND

On November 7, 2016, the Defendant pled guilty to driving on a suspended license (6th offense), Tenn. Code Ann. § 55-12-131; simple possession of a Schedule II controlled substance, Tenn. Code Ann. § 39-17-418; possession of drug paraphernalia, Tenn. Code Ann. § 39-17-425; promotion of methamphetamine manufacturing, Tenn. Code Ann. § 39-17-433; and felony failure to appear, Tenn. Code Ann. § 39-16-609. The Defendant received an agreed-upon sentence of six years with the sentence to be served on community corrections.

According to the Alternative Community Corrections Program's violation report, the Defendant reported for his intake appointment with community corrections on November 16, 2016, and tested positive for amphetamine and methamphetamine. The Defendant signed a confession report that he had used methamphetamine, marijuana, and possibly methadone. The Defendant again tested positive for amphetamine and methamphetamine on November 23, 2016. Without communicating with his case officer, the Defendant failed to report for an office visit and a treatment class on November 29, 2016. The trial court issued a warrant on December 7, 2016, for violation of community corrections by failing to report as ordered and testing positive for drugs.

The Defendant was arrested on January 10, 2017, based on the warrant alleging community corrections violations. On February 27, 2017, the Defendant upon the advice of counsel entered a guilty plea for a December 16, 2016 shoplifting charge in Washington County General Sessions Court. An amended affidavit for the violation of community corrections was filed on April 3, 2017, to include the additional grounds that the Defendant had committed the offense of shoplifting on December 16, 2016, and that the Defendant, in connection with the shoplifting offense, associated with two individuals of bad reputation who had in their possession drug paraphernalia, methamphetamine, and paraphernalia for the manufacturing of methamphetamine.

The trial court held a revocation hearing on June 19, 2017. At the hearing, the Defendant admitted to violating his community corrections sentence but asked the trial court to reinstate him to community corrections. The Defendant testified that he was suffering from depression and drug addiction at the time of his original sentence but that he now had the tools to succeed in the community corrections program. At the revocation hearing, the Defendant testified, "I'm in a lot better health, a lot better strong-minded. . . . In the beginning I wasn't clean when I went to [community corrections] . . . . I would like to have a chance to — to prove to the courts that I can do [community corrections]." The Defendant also testified that he now had his depression medication under control, had been drug-free for at least seven months, had no desire to restart his drug use, and had a potential employment opportunity.

The trial court noted that the Defendant "ha[d] eight different violation of probation notations in the report prepared by the Department of Correction[] reflecting that he ha[d] a history of fail[ing] to comply with conditions of release or alternatives to incarceration." The court noted that this history began in 2011 and followed a pattern of testing positive upon release; failing to report to treatment classes; and subsequently having probation revoked. The court noted that this pattern was "mimicked here" with the community corrections sentence and found the Defendant unlikely to succeed on alternative release. The trial court found the Defendant in violation of his community corrections and revoked his alternative release. The court ordered the Defendant to serve

the balance of his six-year sentence in confinement with credit for previous time served and credit for time on community corrections when he was not in violation. The Defendant perfected a timely appeal.

## ANALYSIS

The Defendant contends that the trial court abused its discretion in ordering his sentence into execution because this was his first violation and he had made genuine efforts to resolve the issues that led to the violation. The State responds that the record supports the trial court's decision.

The Tennessee Supreme Court has held that the same principles that apply in the revocation of probation also apply in the revocation of community corrections. State v. Harkins, 811 S.W.2d 79, 83 (Tenn. 1991). The revocation of community corrections, like the revocation of probation, rests within the sound discretion of the trial court. Id. An appellate court will uphold a trial court's decision to revoke probation or community corrections absent an abuse of discretion. State v. Beard, 189 S.W.3d 730, 735 (Tenn. Crim. App. 2005); State v. Webb, 130 S.W.3d 799, 842 (Tenn. Crim. App. 2003) (quoting Harkins, 811 S.W.2d at 82).

The community corrections program was created as an alternative to incarceration that provides flexibility and promotes accountability, while reducing the number of "nonviolent felony offenders" in the state prison system. Tenn. Code Ann. § 40-36-104; see also State v. Estep, 854 S.W.2d 124, 126–27 (Tenn. Crim. App. 1992) ("[T]he community corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant yet serve legitimate societal purposes."). While the program provides defendants with freedom that would otherwise be removed if the defendant had been incarcerated, there are specific remedies available to the trial court to ensure that those who fail to comply with the program are sufficiently penalized for their noncompliance. See Tenn. Code Ann. § 40-36-106(e)(4).

Pursuant to Tennessee Code Annotated section 40-35-311(e), the trial court is required only to find that the violation of a community corrections sentence occurred by a preponderance of the evidence. Once there is sufficient evidence to establish a violation of a community corrections sentence, the trial court has the authority to revoke the community corrections sentence. See Tenn. Code Ann. § 40-36-106(e). The trial court may then "resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration." Tenn. Code Ann. § 40-36-106(e)(4).

The trial court needed only to find that a revocation of the Defendant's sentence was warranted by a preponderance of the evidence. The Defendant does not dispute that he was in violation of the terms of his sentence and does not contest the trial court's revocation of his community corrections sentence. The Defendant tested positive for amphetamine and methamphetamine on two separate occasions and absconded from community corrections supervision. The Defendant also violated his sentence by committing a new offense and by associating with people of bad reputation. Having revoked the Defendant's community corrections sentence, it was within the trial court's discretion to order the Defendant to serve the remainder of his sentence in confinement. Furthermore, the trial court's decision to do so was supported by the Defendant's long history of failing to comply with the conditions of alternative sentencing to incarceration. Accordingly, we conclude that the trial court did not abuse its discretion and that this issue is without merit. The Defendant is not entitled to relief.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
D. KELLY THOMAS, JR., JUDGE